IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE )<br>      **Plaintiff** )<br>)<br>)<br>      v. )<br>)<br>)<br>UNITED STATES OF AMERICA, et al., )<br>      **Defendants.** ) | C.A. No. 06-95Erie<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 74] be granted.  The Clerk of Courts should be directed to close this case.

By separate Order filed this day, Plaintiff's motion for order vacating the waiver of marshal fees [Document # 78] will be granted.  Plaintiff will be ordered to reimburse the government for the service costs previously borne by it.

**II.    REPORT**

    **A.    Procedural History**

On April 27, 2006, Plaintiff, a federal inmate incarcerated at FCI-McKean in Bradford, Pennsylvania, filed the instant civil rights action, along with a motion for leave to proceed in forma pauperis.  By Order dated May 8, 2006, this Court granted Plaintiff's motion for in forma pauperis status[1] and directed the Clerk of Court to file the complaint.  Service costs as to the

---

[1] In this case, the entire filing fee was waived as Plaintiff's institutional account statement reflected that he had a balance of $0.03 for several months.

1

fourteen Defendants were to be advanced by the United States.  On May 9, 2006, Plaintiff filed a motion for the waiver of service costs, which this Court granted by Order dated May 10, 2006.  The government served all fourteen defendants at its own expense.

On August 16, 2006, Defendants filed a motion to dismiss arguing that the complaint should be dismissed under the "three strikes" provision of the Prison Litigation Reform Act. Pursuant to that motion, Defendants requested that Plaintiff's in forma pauperis status be revoked and that his complaint be dismissed upon Plaintiff's failure to pay the $350.00 filing fee.  Documents # 40, 41.  After the motion to dismiss was filed and briefed but before this Court issued a Report and Recommendation, Plaintiff paid the full $350.00 filing fee, thereby mooting the pending motion to dismiss.

Defendants have filed a new motion to dismiss based upon Plaintiff's fraud upon the Court. Document # 74.  Plaintiff has filed an opposition to the pending motion [Document # 81] and Defendants have filed a reply [Document # 85].  This issue is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v.

U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

>    2.    **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

>    **C.    The Prison Litigation Reform Act**

Defendants argue that Plaintiff has committed a fraud upon this Court and that his case should therefore be dismissed.

> The Prison Litigation Reform Act provides, in pertinent part:

3

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case* at any time if the court determines that – the allegation of poverty is untrue...

28 U.S.C. § 1915(e)(2)(A) (emphasis added).

In support of their motion to dismiss in this regard, Defendants have provided evidence that Plaintiff has over forty thousand dollars in assets in his own name in the Community Bank in Uniontown, Alabama. Document # 75, Exhibits. The records reflect that Plaintiff himself opened this account in May of 2004, two years before he filed the instant action, and that he has personally continuously managed this account. Id.

Yet, despite this great sum of money, Plaintiff has repeatedly informed this Court that he is without any monies to prosecute this action. In his motion for leave to proceed in forma pauperis filed in April of 2006, Plaintiff requested that the Court "enter an Order due to his poverty, and grant him leave in forma pauperis, without prepayment of filing fees, or United States Marshals Service process fees [...] this motion and all related papers [sic] is brought in good faith, and for just cause." Document # 1. On the form accompanying the motion, Plaintiff indicated that he did not have any cash or money in a checking or savings account. Id. Further, Plaintiff signed the document which indicated "I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct." Id. at page 5.

In his Objections to a Report and Recommendation recommending the dismissal of this action due to his failure to comply with in forma pauperis requirements, Plaintiff explained that he was "entirely destitute and without funds to prepay the costs of the Court filing fees as shown by the attached application to proceed without prepayment of fees and affidavit and the attached account balance sheet, all transactions statement. Plaintiff contends that his [sic] has not been brought in bad faith, nor is his claims frivolous, and the Plaintiff should be granted leave to proceed in forma pauperis and without prepayment of Court filing fees. This momoandum [sic] is brought in good faith, for a just cause, and in the interest of judicial economy." Document # 5.

In Plaintiff's motion for the waiver of service fees filed in May of 2006, Plaintiff requested that the service fees be borne by the government, instead of advanced by the government, due to his "impoverished conditions and inability to pay the costs." Document # 9. Plaintiff signed the filing indicating that it was "brought in good faith and for a just cause." Id.

Around the time that Plaintiff paid the full filing fee in November of 2006, he explained that he "would respectfully submit that the $350.00 Court filing fee in this case has been paid to the Clerk of Court in full, as the Plaintiff has pleaded with family and friends for their help in providing the costs not being challenged, so that this case may move forward." Document # 63, page 4.

The records reflect that Plaintiff has repeatedly lied to the Court. In opposition to Defendants' motion to dismiss, Plaintiff does not argue to the contrary. Instead, he argues that the bank records should be suppressed because the subpoena sent to the Community Bank by Defendants did not technically comply with the Federal Rules of Civil Procedure. Specifically, Plaintiff argues that he should have been provided prior notice of the subpoena on Community Bank. Federal Rule of Civil Procedure 45(b)(1) provides that an opposing party be provided with prior notice of any commanded documents. Plaintiff complains that defense counsel did not fully comply with the notice requirements of Fed.R.Civ.P. 45 as she did not notify him of the subpoena until after the fact.

In response to a subpoena, a non-party may move to quash the subpoena for a variety of reasons. See Fed.R.Civ.P. 45(c)(3)(A). Ordinarily a **party** lacks standing to seek to quash a subpoena issued to a **non-party** unless the party claims a right or privilege with regard to the documents sought. Barbine v. Keystone Quality Transport, 2004 WL 1047833, at * 1 (E.D.Pa., 2004), quoting 9A Federal Practice & Procedure § 2459 at 41 (2d Ed.1995). "An exception exists, however, where a party claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" Davis v. General Accident Insurance Company of America, 1999 WL 228944, at *2 (E.D. Pa. 1999). Here, Plaintiff has not advanced any legally cognizable basis upon which he could have challenged the subpoena had he received prior notice of it. See United States of America v. Urban Health Network, 1992 WL 164950, at

5

* 2 n.1 (E.D. Pa. 1992) (questioning whether a bank customer had standing to contest the validity of subpoenas served on his bank).  Therefore, this Court will not suppress the bank records.

      Accordingly, because Plaintiff's repeated representations of poverty have proved to be untrue, Defendants' motion to dismiss should be granted.

### III.     CONCLUSION

      It is respectfully recommended that Defendants' motion to dismiss [Document # 74] be granted.  The Clerk of Courts should be directed to close this case.

      By separate Order filed this day, Plaintiff's motion for order vacating the waiver of marshal fees [Document # 78] will be granted.  Plaintiff will be ordered to reimburse the government for the service costs previously borne by it.

      In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

      S/ Susan Paradise Baxter
      SUSAN PARADISE BAXTER
      Chief United States Magistrate Judge

Dated: March 26, 2007